IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jerome Campbell, | ) | CASE NO. 1:15 CV 268 |
| Plaintiff, | ) ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) ) | MEMORANDUM OF OPINION |
| Allen Lazaroff, *et al.*, | ) ) ) | AND ORDER |
| Defendants. | ) | |

*Pro se* plaintiff Jerome Campbell, a state prisoner currently incarcerated in the Ohio State Penitentiary (OSP), has filed this *in forma pauperis* action under 42 U.S.C. § 1983 against the Director of the Ohio Department of Rehabilitation and Correction, Gary Mohr, and officials and employees of the Mansfield Correctional Institution (ManCI): Warden Allen Lazaroff, the Warden's Secretary Diane Wuchich, and "Unit Manager" T.J. King. The plaintiff seeks monetary damages and other relief as result of the prison's Rules Infraction Board's finding him guilty of a rules violation and subsequent increase in his security-level status. For the reasons stated below, his complaint is dismissed pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A.

### Plaintiff's Allegations

The plaintiff alleges that on January 3, 2014, following an investigation into his knowledge of a hand gun, bullets, and an escape plan, the plaintiff was charged with a rules violation for

attempting to procure into the prison ammunition for a .25 caliber gun. He appeared before the prison's Rules Infraction Board (RIB) on January 7, 2014 regarding the violation. The charging official, investigator Hunsinger, attended the hearing by speaker phone. The RIB found the plaintiff guilty of the charged violation.

The plaintiff appealed the RIB's decision, and his resulting placement on Local Control, to the Warden Lazaroff and Director Mohr. He contends the RIB "lost its way" because "[t]he whole ticket [against him was] based on a confidential informant that the Investigator Hunsinger wrote." (Complt., ¶ 2.) The Warden and Director denied his appeals. (*Id.*, ¶¶ 2-5.)

On or about March 3, 2014, Unit Manager T.J. King, who was appointed Chairman of the prison's Local Control Board, recommended to the Warden that the plaintiff's security status be raised from level 3A to level 5B. On March 31, 2014, the Warden recommended the change to the Reclassification Committee despite previous appeals by the plaintiff to the Warden and Director (which were both denied) challenging King's appointment to the Board "because he is the one who initiated the investigation on [the plaintiff]." (*Id.* at ¶ 6.)

The Civil Cover Sheet attached to the plaintiff's complaint asserts a deprivation of his liberty without due process. In his complaint, he seeks monetary damages "for all the time [he] did in L.C. and placed in security level 5-B," to have his security status "dropped back down to level 3-A," and punitive damages for "all the appeals the defendants [were] deliberately indifferent toward."

## Discussion

Although *pro se* complaints are construed liberally and held to less stringent standards than formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), district courts are required to dismiss *sua sponte* any *in forma pauperis* action, and any action brought by a prisoner

against a government official or employee, that the court determines is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In order to state a claim for relief under § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States. *See Waters v. City of Morristown*, 242 F.3d 353, 358-59 (6th Cir. 2001). The only constitutional deprivation the plaintiff asserts is the deprivation of his liberty without due process.

The plaintiff, however, has failed to allege a plausible due process claim. The Supreme Court held in *Sandin v. Conner*, 515 U.S. 472, 484 (1995), that the only liberty interest a prisoner may protect through § 1983 is "freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." The Sixth Circuit has made clear that a sentence imposed on a prisoner by a Rules Infraction Board to incarceration in a disciplinary unit and to an increase in security status does not constitute "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" triggering constitutional due process protections. *See, e.g., Williams v. Lindamood*, 526 Fed. App'x 559, 2013 WL 1978464, at *4 (6th Cir. 2013); *Bell v. Wilkinson*, 124 Fed. App'x 169, 2005 WL 1994322 (6th Cir. 2005); *Franklin v. Franklin*, 215 F.3d 1326, 2000 WL 687434, at *2-3 (6th Cir. 2000).[1] Accordingly, the plaintiff has not alleged a plausible due process claim stemming from his 2014 conviction by the RIB and resulting placement in Local Control.

---

[1] Furthermore, the plaintiff's complaint on its face indicates some evidence supported the RIB's decision, even if due process were triggered. *See Blevins v. Wilkinson*, 999 F.2d 539, 1993 WL 262469 (6th Cir. 1993) (the requirements of due process are satisfied if some evidence supports the disciplinary board's decision to find a prisoner guilty of a particular offense).

The Supreme Court held in *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005), that a prisoner's initial placement in Ohio's Supermax prison (OSP) constitutes an "atypical and significant hardship" that implicates due process. However, the Supreme Court held that Ohio's informal, nonadversary procedures for an inmate's placement in OSP were adequate to safeguard an inmate's liberty interest in not being assigned to that facility. *See Wilkinson*, 545 U.S. at 215-27, 228-30. The plaintiff does not allege facts plausibly suggesting he was denied the procedures held sufficient by the Supreme Court when he was initially placed in OSP; rather, his allegations suggest that, although he disagrees with the determinations made by the RIB and decision-makers with respect to his security status, he was afforded due process.

## Conclusion

For the reasons stated above, the plaintiff has failed to allege a plausible due process claim, and his complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. The plaintiff's motions for appointment of counsel (Doc. No. 3) and for a default judgment (Doc. No. 4) are denied.

IT IS SO ORDERED.

*/s/ Donald C. Nugent 6/19/15*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE